IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

IN RE:

RICHARD D. MAGESTRO and
GLORIA E. MAGESTRO,

        Debtors.                                                   Case No. 13-11384-BFK

                                                                                                 Chapter 13

_____/

RICHARD D. MAGESTRO and
GLORIA E. MAGESTRO,
    6849 Lochmere Dr.
    Manassas, VA 20112

        Debtors/Plaintiffs,
v.                                                                               Adv. Pro. No: 13-_____-BFK

BRANCH BANKING and TRUST
COMPANY d/b/a BB&T BANK,
    SERVE: CT Corporation Systems
    4701 Cox Road, Suite 301
    Glen Allen, VA 23060

        Defendant.

_____/

**COMPLAINT OF DEBTORS PURSUANT TO 11 U.S.C. §506(a)
AND BANKRUPTCY RULE 3012 TO DETERMINE VALUE OF SECURITY
AND EXTENT THAT DEFENDANT'S CLAIM SHOULD BE ALLOWED**

**Introduction**

    This is an action brought by the Debtors/Plaintiffs pursuant to 11 U.S.C. §506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure, to determine the value of the interest of the Defendant in the residential real estate of the Debtors, and to determine the amount, if any, of the Defendant's secured claim.

## Jurisdiction

1.      This is a core proceeding as that term is defined by §157(b)(2) of 28 U.S.C. It concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the U.S. Code and other applicable Federal law.

2.      That this Court has both personal and subject matter jurisdiction to hear this case pursuant to §1334 of 28 U.S.C, §157(b)(2) of 28 U.S.C.

3.      This Complaint is filed pursuant to Bankruptcy Rule 7001 to determine the validity, priority or extent of a lien or other interest on property.

## The Main Case and Parties

4.      The underlying Chapter 13 bankruptcy action was commenced by the filing of a Voluntary Petition on March 27, 2013. Debtors intend to avoid the second deed of trust held by Defendant, Branch Banking and Trust Company (hereinafter "BB&T Bank"), which is secured by their residence located at 6849 Lochmere Drive, Manassas, VA 20112.

5.      That a meeting of creditors was held before Thomas P. Gorman, Chapter 13 Trustee, on April 30, 2013.

6.      That upon information and belief, Defendant is a corporation, engaged in the business of consumer mortgage lending in the State of Virginia, with its principal offices located at 200 West 2nd Street, Winston-Salem, NC 27101.

## Factual Allegations

7.      In the Schedules filed by the Debtors herein, a debt was listed in favor of BB&T Bank, which is secured by a second deed of trust on the residential real estate of the Debtors. The Debtors understand that there is no equity in the real estate to which the second deed of trust could be secured at this time.

8.      That Plaintiffs allege that the real property is subject to a first deed of trust loan, which at the time of filing of the Petition, had what the Debtors believed was an outstanding unpaid principal balance of $508,645.90 in favor of BB&T Bank. At the time of filing of the Petition the subject real property had a value of no more than $490,000.00. Attached hereto, and made a part hereof, as Plaintiffs' Exhibit "A", is a true copy of the Appraisal of Real Property rendered by Alan Kane, dated January 17, 2013, which indicates that the subject property has a value of $490,000.00.

9.      That Plaintiffs' interest in the real estate is also subject to the second lien arising out of the second deed of trust loan in favor of BB&T Bank, which at the time of filing of the Petition, had what the Debtors believed an outstanding unpaid principal balance of $123,669.61.

10. That pursuant to §506(a) Defendant has no allowable secured claim regarding the claim for the second mortgage on the subject real estate. Therefore, the second claim on behalf of BB&T Bank should not be allowed, and should only be allowed as an unsecured claim.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

a) That this Court determine that the Defendant, Branch Banking and Trust Company ("BB&T Bank"), has no secured interest for its loan secured by the second deed of trust on the residential real estate of the Debtors;

b) That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the Debtors pursuant to 11 U.S.C. §506(a), immediately upon entry of an order indicating the Debtors' Plan has been paid and has been fully performed, and deliver the same to the attorney for the Debtors within 20 days from the date of such order at no charge or fee for the cancellation and delivery;

c) That this Court direct the trustee that any proof of claim of the Defendant alleging a second mortgage lien be allowed only as an unsecured claim under the Plan; and

d) Make an award to the Plaintiffs of the attorney fees involved in this action; and

e) That the Plaintiffs have such other and further relief as this Court deems just and proper.

Respectfully Submitted,

TATE BYWATER & FULLER, PLC.

By: _____
Gary B. Fuller, VSB 42132
2740 Chain Bridge Rd
Vienna, VA 22181
Tel: 703-938-5100
Fax: 703-255-1097
Counsel for Plaintiff/Debtor
*Gfuller@tatebywater.com*

# Residential Appraisal Report

File No. AL1136

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

## PURPOSE

- Client Name/Intended User: **JOHN C. MORGAN ATTORNEY**
- E-mail:
- Client Address: **98 ALEXANDRIA PIKE SUITE 10**  City: **WARRENTON**  State: **VA**  Zip: **20186**
- Additional Intended User(s): **NONE**
- Intended Use: **MARKET VALUE**

## SUBJECT

- Property Address: **6849 LOCHMERE DR.**  City: **MANASSAS**  State: **VA**  Zip: **20112**
- Owner of Public Record: **RICHARD D. AND EVELYN MAGESTRO**  County: **PRINCE WILLIAM**
- Legal Description: **DEER VALLEY SECTION 1 LOT 31 INST#07-44478**
- Assessor's Parcel #: **7992-40-4019**  Tax Year: **2012**  R.E. Taxes $: **6279**
- Neighborhood Name: **MANASSAS AREA**  Map Reference: **5990E7**  Census Tract: **9012.34**
- Property Rights Appraised: [X] Fee Simple [ ] Leasehold [ ] Other (describe)

## SALES HISTORY

- My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
- Prior Sale/Transfer: Date **4/11/07**  Price **610000**  Source(s) **TAX RECORDS**
- Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable) **N/A**

Offerings, options and contracts as of the effective date of the appraisal **N/A**

## NEIGHBORHOOD

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location | Urban [ ] Suburban [X] Rural [ ] | | Property Values | Increasing [ ] Stable [X] Declining [ ] | | PRICE $(000) | AGE (yrs) | One-Unit | 75 % |
| Built-Up | Over 75% [ ] 25-75% [X] Under 25% [ ] | | Demand/Supply | Shortage [ ] In Balance [X] Over Supply [ ] | | 125 Low | NEW | 2-4 Unit | 5 % |
| Growth | Rapid [ ] Stable [X] Slow [ ] | | Marketing Time | Under 3 mths [ ] 3-6 mths [X] Over 6 mths [ ] | | 750+ High | 99+ | Multi-Family | 5 % |
| Neighborhood Boundaries | **MANASSAS AREA IS THE SUBURBAN MARKET AREA.** | | | | | 400 Pred. | 20 | Commercial | 10 % |
| | | | | | | | | Other VAC | 5 % |

Neighborhood Description **LOCAL GOVT.SERVICES IN MANASSAS 5+-MIN FROM SITE. NORTHERN VIRGINIA LOCATION WITH GOOD ACCESS TO SHOPPING AND EMPLOYMENT. DIVERSE RANGE OF VALUES DUE TO SITE SIZE AND CUSTOM CONSTRUCTION.**

Market Conditions (including support for the above conclusions) **MARKET IS TENDING TO STABILIZE AFTER 4 YEARS OF DECLINE. CORRECT PRICING IS VERY IMPORTANT IN MARKETING.**

## SITE

- Dimensions: **IRREGULAR**  Area: **2.37AC**  Shape: **IRREGULAR**  View: **AVG/LOCAL**
- Specific Zoning Classification: **SR1**  Zoning Description: **RESIDENTIAL**
- Zoning Compliance: [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe)
- Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No  If No, describe.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | X | | Water | X | | Street **ASPHALT** | X | |
| Gas | X | | Sanitary Sewer | X | | Alley **NONE** | | |

Site Comments **ADEQUATE STREET FRONTAGE. TYPICAL SUBURBAN SITE.**

## IMPROVEMENTS

| GENERAL DESCRIPTION | FOUNDATION | EXTERIOR DESCRIPTION materials | INTERIOR materials |
|---|---|---|---|
| Units [X] One [ ] One w/Acc. unit | [ ] Concrete Slab [ ] Crawl Space | Foundation Walls **CONC/AVG** | Floors **WD/CPT/AVG** |
| # of Stories **2** | [X] Full Basement [ ] Partial Basement | Exterior Walls **SID/AVG+** | Walls **DRYWALL/AVG+** |
| Type [X] Det. [ ] Att. [ ] S-Det./End Unit | Basement Area **1330** sq.ft. | Roof Surface **COMP SHIN/AVG** | Trim/Finish **UPG/AVG+** |
| [X] Existing [ ] Proposed [ ] Under Const. | Basement Finish **85** % | Gutters & Downspouts **ALUM/AVG** | Bath Floor **TILE/AVG+** |
| Design (Style) **COLONIAL** | [X] Outside Entry/Exit [ ] Sump Pump | Window Type **DH/AVG+** | Bath Wainscot **TILE/AVG+** |
| Year Built **1999** | **2 ROOMS,FULL BATH** | Storm Sash/Insulated **YES/AVG** | Car Storage [ ] None |
| Effective Age (Yrs) **5-7** | | Screens **YES/AVG** | [X] Driveway  # of Cars **4+** |
| Attic [ ] None | Heating [X] FWA [ ] HW [ ] Radiant | Amenities  WoodStove(s) # | Driveway Surface **ASPHALT** |
| [ ] Drop Stair [ ] Stairs | [ ] Other  Fuel **GAS** | [X] Fireplace(s) # **1**  [ ] Fence | [X] Garage  # of Cars **3** |
| [ ] Floor [X] Scuttle | Cooling [X] Central Air Conditioning | [X] Patio/Deck **REAR** [X] Porch **FRONT** | [ ] Carport  # of Cars |
| [ ] Finished [ ] Heated | [ ] Individual [ ] Other | [ ] Pool [ ] Other | [X] Att. [ ] Det. [ ] Built-in |
| Appliances [X] Refrigerator [X] Range/Oven [X] Dishwasher [ ] Disposal [X] Microwave [ ] Washer/Dryer [ ] Other (describe) | | | |

Finished area above grade contains: **10** Rooms  **4** Bedrooms  **2.5** Bath(s)  **2925** Square Feet of Gross Living Area Above Grade

Additional Features **FRONT PORCH,REAR PATIO,3 CAR ATTACHED GARAGE,GAS HEAT W/CAC,SOME WOOD FLOORS,UPGRADE TRIM,RECESSED LIGHTS,GRANITE COUNTERS,STAINLESS APPLIANCES, TILE BATHS. BASEMENT FINISHED WITH 2 ROOMS,FULL BATH.**

Comments on the Improvements **NO UNUSUAL DEPRECIATION PRESENT. HOME IN AVERAGE+ CONDITION.**



Page 1 of 2

Copyright © 2005-2007 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 1/2/2005
Produced with Permission



PLAINTIFF'S EXHIBIT A

## Residential Appraisal Report

File No. AL1136

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 6849 LOCHMERE DR. MANASSAS VA | 12009 BRIDLE POST MANASSAS VA | | 14070 WELLMAN CT. MANASSAS VA | | 14024 FLAGTREE PL. MANASSAS VA | |
| Proximity to Subject | | 2.5+-MILES | | .25+-MILES | | .25+-MILES | |
| Sale Price | $ | | $ 450,000 | | $ 507,000 | | $ 524,975 |
| Sale Price/Gross Liv. Area | $ sq. ft. | $ 169.43 sq. ft. | | $ 161.88 sq. ft. | | $ 160.64 sq. ft. | |
| Data Source(s) | | MRIS PW7932395 | | MRIS PW7829295 | | MRIS PW7768080 | |
| Verification Source(s) | | TAX RECORDS | | TAX RECORDS | | TAX RECORDS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | VA | | VA | | CONV | |
| Concessions | | $-0- | | $12000 | -12000 | $9000 | -9000 |
| Date of Sale/Time | | 12/2012 | | 7/2012 | | 6/2012 | |
| Location | SUBAN/AVG | SUBAN/AVG | | SUBAN/AVG | | SUBAN/AVG | |
| Leasehold/Fee Simple | FEE | FEE | | FEE | | FEE | |
| Site | 2.37AC/AVG | 1.02AC/AVG | N/A | 1.01AC/AVG | N/A | 1.11AC/AVG | N/A |
| View | AVG/LOCAL | AVG/LOCAL | | AVG/LOCAL | | AVG/LOCAL | |
| Design (Style) | COL/AVG | COL/AVG | | COL/AVG | | COL/AVG | |
| Quality of Construction | SID/AVG | STN/SID/AVG | N/A | SID/AVG | | SID/AVG | |
| Actual Age | 14 | 15 | N/A | 14 | | 13 | N/A |
| Condition | AVG+ | AVG+ | | AVG+ | | AVG+ | |
| Above Grade Room Count | Total 10 / Bdrms 4 / Baths 2.5 | Total 10 / Bdrms 4 / Baths 2.5 | | Total 10 / Bdrms 5 / Baths 3.5 | -6000 | Total 11 / Bdrms 5 / Baths 3 | -4500 |
| Gross Living Area | 2925 sq. ft. | 2656 sq. ft. | +13500 | 3132 sq. ft. | -10580 | 3268 sq. ft. | -17000 |
| Basement & Finished Rooms Below Grade | FULL 2RM/BATH | FULL RM/BATH | +3000 | FULL NONE | +9000 | FULL ROOM | +6000 |
| Functional Utility | GOOD | GOOD | | GOOD | | GOOD | |
| Heating/Cooling | GAS/CAC | GAS/CAC | | GAS/CAC | | GAS/CAC | |
| Energy Efficient Items | STD INS | STD INS | | STD INS | | STD INS | |
| Garage/Carport | 3CARATTGAR | 2CARATTGAR | +5000 | 2CARATTGAR | +5000 | 3CARATTGAR | |
| Porch/Patio/Deck | POR/PATIO | POR/DECK | N/A | POR/DECK | N/A | POR/DECK | |
| FP | 1FP | 1FP | | 1FP | | 1FP | |
| OTHER | NONE | NONE | | NONE | | SHED$2K | -2000 |
| Net Adjustment (Total) | | [X]+ [ ]- | $ 21,500 | [ ]+ [X]- | $ 14,580 | [ ]+ [X]- | $ 26,500 |
| Adjusted Sale Price of Comparables | | Net Adj. 4.78% Gross Adj. 4.78% | $ 471,500 | Net Adj. 2.88% Gross Adj. 8.40% | $ 492,420 | Net Adj. 5.05% Gross Adj. 7.33% | $ 498,475 |

Summary of Sales Comparison Approach ALL SALES ARE SIMILIAR COLONIAL HOMES IN THE SAME MARKET AREA. COMPS 2,3 SAME SUBDIVISION AS SUBJECT. COMP 1 NEARBY SALE. COMPS 1,2,3 ADJUSTED FOR DIFFERENCE IN SQUARE FOOTAGE AND BASEMENT FINISH AREA. COMPS 1,2 ADJUSTED FOR LESS GARAGE AREA. COMPS 2,3 ADJUSTED FOR SALES CONCESSIONS AND LARGER ROOM COUNT. COMP 3 ADJUSTED FOR PRESENCE OF A SHED. ALL ADJUSTMENTS ARE TYPICAL FOR THE AREA.

### COST APPROACH TO VALUE

Site Value Comments  N/A

| ESTIMATED [ ] REPRODUCTION OR [ ] REPLACEMENT COST NEW | OPINION OF SITE VALUE ................ = $ |
|---|---|
| Source of cost data  N/A | Dwelling  Sq. Ft. @ $  = $ |
| Quality rating from cost service  Effective date of cost data | Sq. Ft. @ $  = $ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) N/A | Garage/Carport  Sq. Ft. @ $  = $ |
| | Total Estimate of Cost-New  ... = $ |
| | Less  Physical  Functional  External |
| | Depreciation  = $( ) |
| | Depreciated Cost of Improvements ................ = $ |
| | "As-is" Value of Site Improvements ................ = $ |
| | INDICATED VALUE BY COST APPROACH ................ = $ |

### INCOME APPROACH TO VALUE

Estimated Monthly Market Rent $ N/A  X Gross Rent Multiplier N/A  = $  Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM) N/A

Indicated Value by Sales Comparison Approach $ 490000   Cost Approach (if developed) $ N/A   Income Approach (if developed) $ N/A

FINAL RECONCILIATION: MARKET DATA INDICATED A VALUE OF $471000 TO $498475. FINAL VALUE EST. AT $490000.

This appraisal is made [X] "as is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, [ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed  [ ] subject to the following:

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report is $ 490000  as of 1/17/13 , which is the effective date of this appraisal.



Copyright © 7005-7007 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2005
Produced with Permission

## Residential Appraisal Report

File No. AL1136

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. | | COMPARABLE SALE NO. | |
|---|---|---|---|---|---|---|---|
| Address | 6849 LOCHMERE DR. MANASSAS VA | 14110 WELLMAN CT. MANASSAS VA | | | | | |
| Proximity to Subject | | .25+-MILES | | | | | |
| Sale Price | $ | $ 499,900 | | $ | | $ | |
| Sale Price/Gross Liv. Area | $ sq. ft. | $ 165.75 sq. ft. | | $ sq. ft. | | $ sq. ft. | |
| Data Source(s) | | MRIS PW7866486 | | | | | |
| Verification Source(s) | | TAX RECORDS | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing Concessions | | ACTIVE ACTIVE | | | | | |
| Date of Sale/Time | | ACTIVE | -10000 | | | | |
| Location | SUBAN/AVG | SUBAN/AVG | | | | | |
| Leasehold/Fee Simple | FEE | FEE | | | | | |
| Site | 2.37AC/AVG | 1.67AC/AVG | N/A | | | | |
| View | AVG/LOCAL | AVG/LOCAL | | | | | |
| Design (Style) | COL/AVG | COL/AVG | | | | | |
| Quality of Construction | SID/AVG | SID/AVG | | | | | |
| Actual Age | 14 | 13 | N/A | | | | |
| Condition | AVG+ | AVG+ | | | | | |
| Above Grade Room Count | Total 10 / Bdrms. 4 / Baths 2.5 | Total 11 / Bdrms. 4 / Baths 2.5 | | Total / Bdrms. / Baths | | Total / Bdrms. / Baths | |
| Gross Living Area | 2925 sq. ft. | 3016 sq. ft. | -4500 | sq. ft. | | sq. ft. | |
| Basement & Finished Rooms Below Grade | FULL 2RM/BATH | FULL RM/BATH | +3000 | | | | |
| Functional Utility | GOOD | GOOD | | | | | |
| Heating/Cooling | GAS/CAC | GAS/CAC | | | | | |
| Energy Efficient Items | STD INS | STD INS | | | | | |
| Garage/Carport | 3CARATTGAR | 2CRAT/1CRDT | N/A | | | | |
| Porch/Patio/Deck | POR/PATIO | POR/DECK | N/A | | | | |
| FP | 1FP | 1FP | | | | | |
| Net Adjustment (Total) | | [ ]+ [X]- | $ 11,500 | [ ]+ [ ]- | $ | [ ]+ [ ]- | $ |
| Adjusted Sale Price of Comparables | | Net Adj. 2.30% Gross Adj. 3.50% | $ 488,400 | Net Adj. % Gross Adj. % | $ | Net Adj. % Gross Adj. % | $ |

Summary of Sales Comparison Approach  COMP 4 IS AN ACTIVE LISTING IN SUBJECT SUBDIVISION. COMP 4 HAS BEEN LISTED ON THE MRIS FOR 215 DAYS FROM $534900 TO $499900. COMP 4 ADJUSTED 2% OFF LIST PRICE AS COMPS 1-3 HAD SALES PRICES THAT AVERAGE 2% OFF LIST PRICE. COMP 4 ADJUSTED FOR SLIGHTLY LARGER SQUARE FOOTAGE AND LESS BASEMENT FINISH AREA. ALL ADJUSTMENTS ARE TYPICAL FOR THE AREA.

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions

SUBJECT PROPERTY INSPECTED BY ALAN LANE. LANE INSPECTED THE COMPS. LANE RESEARCHED THE SUBJECT AND SALES. THE SKETCH WAS PREPARED BY LANE AS WAS THE APPRAISAL REPORT. THE INFORMATION ON THE SALES HISTORY OF THE SALES, AND SUBJECT, AND ALL OTHER ITEMS WERE VERIFIED BY THE MRIS AND COMM.OF REV.RECORDS.

THIS REPORT IS NOT A HOME INSPECTION. THE APPRAISER ONLY PERFORMED A VISUAL INSPECTION OF ACCESSIBLE AREAS AND THIS APPRAISAL CAN NOT BE RELIED UPON TO DISCLOSE CONDITIONS AND/OR DEFECTS IN THIS PROPERTY.

IF A BORROWER OR THIRD PARTY, OTHER THAN THE CLIENT NAMED IN THIS REPORT, RECEIVES A COPY OF THIS REPORT, THIS DOES NOT MEAN THAT THEY ARE AN INTENDED USER.

INCOME APPROACH NOT PREPARED SINCE MARKET APPROACH IS THE BEST INDICATION OF VALUE.

I HAVE PERFROMED NO OTHER SERVICES,AS AN APPRIASER OR IN ANY CAPACITY REGARDING THE PROPERTY THAT IS SUBJECT OF THE WORK UNDER REVIEW WITHIN THE THREE YEAR PERIOD IMMEDIATELY PRECEDING ACCEPTANCE OF THIS ASSIGNMENT.

EXPOSURE TIME: ESTIMATED LENGTH OF TIME THAT THE PROPERTY INTEREST BEING APPRAISED WOULD HAVE BEEDOFFERED ON THE MARKET PRIOR TO THE HYPOTHETICAL CONSUMMATION OF A SALE AT MARKET VALUE ON THE EFECTIVE DATE OF THE APPRAISAL.



Copyright © 2005-2007 ACI Division of ISO Claims Services, Inc.  All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2005
Produced with Permission

File No.

AL1136

## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.
2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.
3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.
4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.
6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.
8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.
9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:

**Additional Certifications:**

**Definition of Value:** [X] Market Value  [ ] Other Value:
**Source of Definition:** USPAP ADVISORY OPINION

MARKET VALUE IS THE MOST PROBABLE PRICE WHICH A PROPERTY SHOULD BRING IN A COMPETITIVE AND OPEN MARKET UNDER ALL CONDITIONS REQUISITE TO A FAIR SALE, THE BUYER AND SELLER, EACH ACTING PRUDENTLY, KNOWLEDGEABLE AND ASSUMING THE PRICE IS NOT AFFECTED BY UNDUE STIMULUS. IMPLICIT IN THIS DEFINITION IS THE CONSUMMATION OF A SALE AS OF A SPECIFIED DATE AND THE PASSING OF TITLE FROM SELLER TO BUYER UNDER CONDITIONS WHEREBY: 1) BUYER AND SELLER ARE TYPICALLY MOTIVATED; 2) BOTH PARTIES ARE WELL INFORMED OR WELL ADVISED, AND EACH ACTING IN WHAT HE CONSIDERS HIS OWN BEST INTEREST; 3) A REASONABLE TIME IS ALLOWED FOR EXPOSURE IN THE OPEN MARKET; 4) PAYMENT IS MADE IN TERMS OF CASH IN U.S. DOLLARS OR IN TERMS OF FINANCIAL ARRANGEMENTS COMPARABLE THERETO; AND 5) THE PRICE REPRESENTS THE NORMAL CONSIDERATION FOR THE PROPERTY SOLD UNAFFECTED BY SPECIAL OR CREATIVE FINANCING OR SALES CONCESSIONS GRANTED BY ANYONE ASSOCIATED WITH THE SALE.

ADDRESS OF THE PROPERTY APPRAISED:
6849 LOCHMERE DR.
MANASSAS, VA.
EFFECTIVE DATE OF THE APPRAISAL: 1/17/13
APPRAISED VALUE OF THE SUBJECT PROPERTY $ 490000

**APPRAISER**
Signature:
Name: ALAN LANE
State Certification #
or License # 4001 013148
or Other (describe): _____ State #: _____
State: VA
Expiration Date of Certification or License: 12/31/13
Date of Signature and Report: 1/17/13
Date of Property Viewing: 1/17/13
Degree of property viewing:
[X] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view

**SUPERVISORY APPRAISER**
Signature:
Name:
State Certification #
or License #
State:
Expiration Date of Certification or License:
Date of Signature:
Date of Property Viewing:
Degree of property viewing:
[X] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view

gpar
general purpose appraisal report

Copyright © 2005-2007 ACI Division of ISO Claims Services, Inc.  All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 12/2005
Produced with Permission



# Photograph Addendum

| | |
|---|---|
| Borrower MAGESTRO | |
| Property Address 6849 LOCHMERE DR. | |
| City MANASSAS | County PRINCE WILLIAM |
| State VA | Zip Code 20112 |
| Lender/Client JOHN C. MORGAN ATTORNEY | Lender's Address 98 ALEXANDRIA PIKE SUITE 10, WARRENTON, VA  20186 |
| Appraiser ALAN LANE | Appraiser's Address 355 WATERLOO ST. WARRENTON, VA. 20186 |



**Subject Front**



**Subject Rear**



**Subject Street**

Subject Photo Page, Form Produced by HomePuter®

**Photograph Addendum**

| | |
|---|---|
| Borrower | MAGESTRO |
| Property Address | 6849 LOCHMERE DR. |
| City | MANASSAS |
| County | PRINCE WILLIAM |
| State | VA |
| Zip Code | 20112 |
| Lender/Client | JOHN C. MORGAN ATTORNEY |
| Lender's Address | 98 ALEXANDRIA PIKE SUITE 10, WARRENTON, VA  20186 |
| Appraiser | ALAN LANE |
| Appraiser's Address | 355 WATERLOO ST. WARRENTON, VA. 20186 |



**Comparable 1**



**Comparable 2**



**Comparable 3**

Comp 123 Photo Page, Form Produced by HomePuter®

**Photograph Addendum**

| | |
|---|---|
| Borrower MAGESTRO | |
| Property Address 6849 LOCHMERE DR. | |
| City MANASSAS | County PRINCE WILLIAM |
| State VA | Zip Code 20112 |
| Lender/Client JOHN C. MORGAN ATTORNEY | Lender's Address 98 ALEXANDRIA PIKE SUITE 10, WARRENTON, VA 20186 |
| Appraiser ALAN LANE | Appraiser's Address 355 WATERLOO ST. WARRENTON, VA. 20186 |



**Comparable 4**

Comp 456 Photo Page, Form Produced by HomePuter®



**INVOICE**

JOHN MORGAN
98 ALEXANDRIA PIKE SUITE 10
WARRENTON, VA. 20186

DATE 1/22/13

ACCOUNT NUMBER

AMOUNT ENCLOSED $

RETURN THIS STATEMENT WITH YOUR PAYMENT

| DATE | CHARGES AND CREDITS | AMOUNT |
|---|---|---|
| 1/17/13 | MAGESTRO<br>6849 LOCHMERE DR.<br>MANASSAS, VA.<br><br>PAID<br><br>THANK YOU<br><br>ALVIN HENRY | $400.00<br><br><br><br><br><br><br><br>$400.00 |

ALVIN HENRY
P.O. BOX 240
AMISSVILLE, VA 20106

PAY LAST AMOUNT
IN THIS COLUMN

**Thank You**