THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | |
| **RICHARD D. MAGESTRO** <br> **GLORIA E. MAGESTRO** | Case No. 13-11384-BFK <br> Chapter 13 |
| Debtors | |

## MOTION TO REOPEN CHAPTER 13 BANKRUPTCY CASE AND MEMORANDUM

COME NOW the Debtors, Richard D. Magestro and Gloria E. Magestro, (hereinafter "Debtors") by their counsel, Suad Bektic of the firm New Day Legal, PLLC, and they hereby move this Honorable Court to reopen their Chapter 13 bankruptcy case. In support of their Motion, the Debtors state as follows:

### JURISDICTION

1. This is a core proceeding pursuant to 28 U.S.C. §157 (b)(2).

2. Venue is proper in this District under 28 U.S.C. § 1409(a).

3. Pursuant to local rule or other order of the District Court, all bankruptcy cases and all proceedings that arise under Title 11 have been referred, as permitted by 28 U.S.C. § 157, to the United States Bankruptcy Court for the Eastern District of Virginia.

### THE DEBTORS

4. The Debtors, Richard D. Magestro and Gloria E. Magestro, filed the subject bankruptcy case pursuant to Chapter 13 of the Bankruptcy Code on March 27, 2013 and Thomas P. Gorman was appointed the Chapter 13 Trustee to administer the case.

5. During the case, on May 7, 2013, the Debtors, in conformity with their Chapter 13 Plan at paragraph 7.B., filed an Adversary Proceeding against BB&T Bank, their second

mortgage, to have that debt avoided as a secured debt on grounds other than 11 U.S.C. § 522(f). That avoidance action was successful, and the Adversary Proceeding was closed on July 30, 2013.

6. The Debtors received a discharge of all their dischargeable debts on May 11, 2018.

7. The bankruptcy case was closed by the Court on October 5, 2018.

### GROUNDS TO REOPEN THE BANKRUPTCY CASE

8. Since the date of discharge, the Debtors attempted to refinance their mortgage and in that process they were informed by the loan company that they have a judgment lien on their real property. This Prince William County judgment lien, previously unknown to them, was reported to now be $50,837.47. It was a judgment lien docketed on May 23, 2012 in the amount of $18,000.00 from a Confession of Judgment to Farm Creek Limited Partnership.

9. This creditor was listed on the Debtors' March 27, 2013 Chapter 13 bankruptcy petition as Farm Creek Partnership in the amount of $6,000.00 for "*Debtors' responsibility under Promissory Note executed January 2012 for delinquent lease payments for space where Debtor had his glass business . . .*" This creditor was provided notice, as evidenced by the service list on this case. To Debtors' knowledge, this creditor never filed a Proof of Claim in the Chapter 13 case.

10. Debtors' counsel was unaware that there was a judgment lien on their property and successfully stripped off their second lien with no problem. This judgment lien was and is junior in time to the second mortgage that was successfully stripped off. The Debtors require the

reopening of their case to facilitate a strip off of this clearly unsecured judgment lien. Additionally, this creditor did not file a proof of claim and would not have been paid in this case.

11. Pursuant to Section 350(b) of the Bankruptcy Code, 11 U.S.C. § 350(b), a case may be reopened "to accord relief to the debtor."

12. Relief can be accorded to Debtor and cause exists to reopen the bankruptcy case.

13. Pursuant to Rule 5010 of the Federal Rules of Bankruptcy Procedure, when the case is reopened pursuant to Section 350(b) of the Bankruptcy Code, a trustee shall not be appointed unless the court determines that a trustee is necessary to protect the interests of creditors and Debtor or to insure efficient administration of the case. The Debtors do not believe that a trustee is necessary to protect their interests.

14. No fee for reopening a case is due to file an action related to Debtor's discharge.

**PRAYER FOR RELIEF**

15. Accordingly, Debtors request that their case be reopened so as to allow their attorney to file their Adversary Proceeding to have the judgment lien on their real property declared as avoided. The Debtors further request that no trustee be appointed as none is necessary for the Debtors to assert the claim to be raised, as the creditor did not file a proof of claim and would not have been paid in this case.

WHEREFORE, Debtors pray that this Court enter an Order reopening her Chapter 13 Petition and for such other and further relief as may be just.

Respectfully submitted,

RICHARD D. MAGESTRO
GLORIA E. MAGESTRO

By Counsel

NEW DAY LEGAL, PLLC

/s/ Suad Bektic
Suad Bektic, Esquire, VSB # 90012
Scott W. Carpenter, VSB # 89057
John C. Morgan, Esquire, VSB # 30148
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232 (tel.)
(888) 612-0943 (fax)
sbektics@newdaylegal.com
*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 8th day of December 2020, properly noticed Thomas P. Gorman, the Chapter 13 Trustee, and Jack Frankel, Attorney for the Acting United States Trustee, by ECF, and mailed a true copy of the foregoing Motion to Reopen Chapter 13 Bankruptcy Case and Memorandum to the Debtor.

/s/ Suad Bektic
Suad Bektic