THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

**RICHARD D. MAGESTRO**
**GLORIA E. MAGESTRO**

Debtors

Case No. 13-11384-BFK
Chapter 13

RICHARD D. MAGESTRO
GLORIA E. MAGESTRO,

Plaintiffs,

v.

FARM CREEK LIMITED PARTNERSHIP,

Defendant.

### ORDER AVOIDING LIEN OF FARM CREEK LIMITED PARTNERSHIP

THIS MATTER came upon the Motion to Avoid Judicial Lien of Farm Creek Limited Partnership filed by the Debtors, Richard D. Magestro and Gloria E. Magestro, by counsel, against Farm Creek Limited Partnership, and the Defendant having failed to file a response to the Motion, and it appearing to the Court as follows:

1. Debtors commenced this Chapter 13 case with the filing of a voluntary petition on March 27, 2013 (the "**Petition Date**").  A discharge was entered on May 11, 2018, and the case was closed on October 5, 2018.  On February 1, 2021, the Court entered an Order reopening the case.

2. The Debtors own certain real property and improvements thereon, conveyed to them by General Warranty Deed dated April 6, 2007, commonly known as and located at 6849

Scott W. Carpenter (VSB#89057)
New Day Legal, PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
Telephone (540) 349-3232
Counsel for Debtor(s)

Lochmere Drive, Manassas, Virginia 20112 (the **"Real Property"**), which is more particularly described as:

> Lot 31, Section 1, Deer Valley, as the same is duly dedicated, platted and recorded in Deed Book 2650, at Page 761, among the land records of Prince William County, Virginia.
>
> And being the same property conveyed to William Paul Knight and Susan Lee Knight, husband and wife, under deed dated July 12, 2002 and recorded July 16, 2002 as Instrument No. 200207160090717.

3. The Real Property is Debtors' principal residence.

4. The Real Property is valued at $490,000.00 as of the date of the petition, based upon a January 17, 2013 residential appraisal report.

5. Branch Banking & Trust Company (now "Truist") holds a lien in first position on the Real Property pursuant to a Deed of Trust securing a debt in the original amount of $488,000.00. The First Deed of Trust was recorded on April 11, 2007 at 2:16:55 p.m., as Instrument No. 200704110044470, in the Clerk's Office of the Circuit Court of Prince William County, Virginia. Based upon Proof of Claim #3, the approximate balance owed at the time the case was filed was $512,001.76.

6. The Property was further encumbered by a Second Deed of Trust, held by Branch Banking & Trust Company and serviced by Specialized Loan Servicing LLC, with an approximate balance of $125,766.02 at the time that the case was filed, as evidenced by Proof of Claim # 4. The Debtors, by Adversary Proceeding, under Adversary Case No. 13-01111, successfully stripped off the Second Deed of Trust by "*Agreed On Order Granting Relief Sought*" dated and entered on July 12, 2013.

7. The Defendant holds an inferior judicial lien on the Real Property pursuant to a Confession of Judgment in the original amount of $18,000.00, derived from Prince William County

Circuit Court Case No. CL 12-3499. The Confession of Judgment was recorded on May 23, 2012 at 9:35:06 a.m., as Instrument Number 201205230048041, in the Clerk's Office of the Circuit Court of Prince William County, Virginia.

8. The Defendant was duly listed on Schedule F of the Plaintiffs'/Debtors' schedules and received proper notice of this Chapter 13 bankruptcy case, but the Defendant did not file a Proof of Claim.

9. Because the amount owed on the First Deed of Trust exceeds the value of the Real Property, there is no equity to which the Defendant's judgment lien may attach, and the Defendant's claim is not secured pursuant to 11 U.S.C. § 506(a)(1).

10. The existence of the judicial lien impairs the exemptions to which the Plaintiffs/Debtors are entitled to under 11 U.S.C. § 522(b).

11. Because the Defendant holds a lien that is wholly unsecured, it is voidable pursuant to 11 U.S.C § 522(f), and the Debtors' Chapter 13 Plan, which has been confirmed and completed, may avoid the lien.

12. The Motion and the Notice of Motion and Notice of Hearing were properly served upon Defendant.

UPON CONSIDERATION of the Motion and the foregoing, it is accordingly,

**ORDERED** that the Debtors' Motion is GRANTED, and pursuant to 11 U.S.C § 522(f), the Defendant's judgment lien on the Real Property (the "Lien") is hereby declared to be void pursuant to 11 U.S.C § 522(f); and it is further

**ORDERED** that Defendant shall release its Lien, and the Lien shall be void for all other purposes; and it is further

**ORDERED** that the Clerk shall send a Certified Copy of this Order to the Debtors, and the Debtors may file this Order in the Clerk's Office of the Circuit Court of Prince William County, Virginia;

**ORDERED** that, all matters having been resolved, this case is hereby closed.

Date: Apr 16 2021

/s/ Brian F Kenney
United States Bankruptcy Judge

Entered On Docket: April 16, 2021

I ASK FOR THIS:

/s/ Scott W. Carpenter
Scott W. Carpenter, Esquire, VSB # 89057
John C. Morgan, Esquire, VSB # 30148
Suad Bektic, Esquire, VSB # 90012
New Day Legal, PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232; FAX: (888) 612-0943
jcm@newdaylegal.com
*Counsel for the Debtors/Plaintiffs*

[TRUSTEE NOT APPOINTED IN THIS RE-OPENED CHAPTER 13 CASE]

**Local Rule 9022-1 (C) Certification**

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1 (C).

/s/ Scott W. Carpenter
Scott W. Carpenter

## SERVICE LIST

Copy electronically via CM/ECF to:

Scott W. Carpenter

Copy mailed to:

Farm Creek Limited Partnership
c/o David A. Lawrence, Esquire
1775 Wiehle Avenue, Suite 400
Reston, VA 20190

Farm Creek Limited Partnership
14843 Farm Creek Drive
Woodbridge, VA 22191

Farm Creek Limited Partnership
6007 Makely Drive
Fairfax Station, VA 22039

Richard D. Magestro
Gloria E. Magestro
6849 Lochmere Drive
Manassas, VA 20112
*Debtors/Plaintiffs*